**NENGWEI LAN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–3571–ag.

United States Court of Appeals, Second Circuit.

May 16, 2007.

Oleh R. Tustaniwsky, Hualian Law, Offices, New York, N.Y., for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Mark C. Jones, Assistant United States Attorney, Flint, MI, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Nengwei Lan, a citizen of China, seeks review of a July 13, 2006 order of the BIA affirming the February 23, 2005 decision of immigration judge ("IJ") Gabriel C. Videla denying Lan's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). *In re Nengwei Lan,* No. A98 115 112 (B.I.A. July 13, 2006); *aff'g* No. A98 115 112 (Immig. Ct. N.Y. City Feb. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When—as in Lan's case—the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006).

Like other factual findings, the Court reviews adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted).

■ In the present case, the IJ's adverse credibility determination was supported by substantial evidence. The IJ properly noted that while Lan testified that his girlfriend never saw a doctor, his application indicated that she discovered her pregnancy at a visit to the hospital. In his application, where asked to describe his employment history, 2 Lan wrote "NONE." However, at his hearing, when asked where he was at the time his girlfriend was taken for her abortion, Lan testified that he was working. The inconsistency casts doubt as to whether Lan's girlfriend was ever actually taken for an abortion. Because these inconsistencies go to the heart of Lan's claim, they supported the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 309 (2d Cir.2003).

■ Because the only evidence of a threat to Lan's life or freedom depended upon his credibility, the adverse credibility determination precludes success on Lan's claim for withholding of removal. *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Lan did not dispute the IJ's denial of his CAT claim or his finding regarding Lan's alleged illegal departure from China in appealing to the BIA. Thus, he has waived any challenge to those claims. *See*

*Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

The petition for review is therefore DENIED. The pending motion for a stay of removal in this proceeding is DISMISSED as moot.